United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN HAYDEN, | No. C 06-3970 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| JOHN MARSHALL (warden), | |
| Respondent. | |

Calvin Hayden, an inmate at the California Men's Colony in San Luis Obispo, commenced this action by filing a petition for writ of habeas corpus in which he complained that his rights were violated during an incident that occurred at the California Men's Colony. The petition does not attempt to challenge either the fact of his conviction or the length of his sentence. Rather, it goes entirely to the conditions of his confinement, and success in this action would not result in his release from prison nor shorten his stay in prison.

Where, as here, a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because

1 challenges to terms and conditions of confinement must be brought as civil rights complaint).
2 Hayden's use of a habeas petition to challenge conditions of confinement was improper.

3     In addition to being on the wrong form, the action has been filed in the wrong place. The
4 California Men's Colony is in San Luis Obispo County, which is within the venue of the Central
5 District of California and not within the venue of the Northern District. Therefore, a challenge
6 to a condition of confinement at the California Men's Colony should be filed in the Central
7 District of California. Venue therefore properly lies in that district and not in this one. See 28
8 U.S.C. § 1391(b). An action filed in the wrong venue may be dismissed or transferred to the
9 proper venue. See 28 U.S.C. § 1406(a). Dismissal is the better choice here because Hayden's
10 action is not even on the right form.

11     Accordingly, pursuant to 28 U.S.C. § 1406(a) this action is DISMISSED. This dismissal
12 is without prejudice to plaintiff filing a new action in the proper venue. If Hayden wants to
13 complain in federal court about the conditions of confinement at the California Men's Colony,
14 he needs to file in the Central District of California in Los Angeles, and should file a civil rights
15 complaint under 42 U.S.C. § 1983. In light of the dismissal of this action, the in forma pauperis
16 application is DENIED. (Docket # 2.)

17     IT IS SO ORDERED.

18 Dated: June 29, 2006                  _____
19                                   SUSAN ILLSTON
                                  United States District Judge

**United States District Court**
For the Northern District of California